*G. W. Ray, for appellants.*

*Owen, for appellee.*

---

THOS. M. BURFORD'S ADMR. *v.* NAT. GAITHER, ETC.

**Landlord and Tenant—Rent—Lien—Execution Against Tenant—Levied on Property on Premises—Sale—Duty of Sheriff to Satisfy Landlord's Lien.**

Notwithstanding the landlord's lien the sheriff had the legal right to sell under the execution against the tenant, the property on the leased premises. Out of the proceeds of such sale he was bound to pay the landlord such rent as had already accrued.

**Bond of Indemnity—Liability.**

The sureties in the indemnifying bond did not undertake that the sheriff would pay to the landlord his rent and are therefore not responsible for his failure to do so.

APPEAL FROM MERCER CIRCUIT COURT.

February 20, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The act of February 16, 1858, amendatory of Art. 2, Chap. 56, R. S., provides: "That a landlord shall have an exclusive lien on the produce of the farm or premises rented, on the fixtures, on the household furniture and other personal property of the tenant, or under tenant, found upon the rented premises, after

possession is taken under the lease; but such lien shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than four months." This act repeals Section 20, Art. 2, Chap. 56, in so far as that section limited the right of the landlord to demand from the officer taking property on the leased premises under execution, one year's rent in arrears. Extending such right to one year's rent whether due or to become due, provided that it has not been due for more than four months. Notwithstanding the landlord's lien, the sheriff had the legal right to seize and sell under the executions in his hands against the tenant Neil, the property on the leased premises. Out of the proceeds of such sale he was bound to pay to the landlord such rent as had already accrued, and had not been due more than four months. And also such as would become due thereafter. So that the amounts paid would not in all exceed one year's rent. It is not to be assumed that the bond of indemnity was executed by the appellees to induce the officer to disregard the rights of the landlord, or to violate the bond. They undertook to indemnify the sheriff against the damages he might sustain in consequence of the seizure or sale of the property, and to pay to any claimant thereof the damages he might sustain in consequence of such seizure and sale, and to warrant to the purchasers of such property such estate as might be sold.

Now, the landlord sustained no damage by reason of the seizure and sale of the property. This much the sheriff had the right to do notwithstanding his lien. The only damage he can complain of is that the sheriff failed to pay over to him such amount of the proceeds of the sale as he had the right under the amendment of February 16, 1858, to demand. The appellees did not undertake that the sheriff would do this, and are not responsible on their bond of indemnity for his failure to do so.

The landlord was bound to look to the sheriff and his official sureties for the amount he had the legal right to demand out of the proceeds of the property sold, and these appellees cannot be held responsible for the dereliction of duty on the part of the sheriff in this regard, unless they entered into some combination with him, or by some fraudulent arrangement induced him to violate his official trust to the damage of the appellants.

Nothing of this kind is alleged or proved. Upon the pleadings and proof in the case, the Court below properly dismissed appellant's petition.

Judgment *affirmed*.

*Polk & Bro., for appellant.*

*Gaither, for appellees.*

